

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON SLOAN, # 339-875 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-14-1352 |
| | * | (Consol. Civil Action JKB-14-1396) |
| MARYLAND DIVISION of CORRECTIONS, et al. | * | |
| Defendants. | * | |

*******

## MEMORANDUM

Self-represented plaintiff Aaron Sloan[1] filed this 42 U.S.C. § 1983 action against defendants the Maryland Division of Corrections ("DOC"), Wexford Health Sources, Inc. ("Wexford"), and Dr. Colin Ottey ("Ottey"),[2] seeking damages and injunctive and declaratory relief. The DOC, by its counsel, has filed a motion to dismiss. (ECF 10). Defendants Wexford and Ottey (collectively, the "Medical Defendants"), by their counsel, have filed a motion to dismiss (ECF 12), to which Sloan has filed a reply. The matter is ripe for disposition, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2014). For reasons explained below, the court WILL GRANT the motion to dismiss filed by the DOC and WILL GRANT the motion to dismiss filed by the medical defendants by separate order.

---

[1] The court takes notice that Sloan is presently incarcerated at the Anne Arundel County Detention Center. *See Sloan v. Officer Lee, et al*, Civil Action JKB-13-3843 (D. Md.).

[2] Sloan also named "Two Unknown Officers," Joe Ebbitt, and Richard J. Graham, Jr., Warden of the Western Correctional Institution, as defendants. (ECF 1, 4). The fact that service has not been obtained on these defendants does not alter the outcome of this case. First, no substantive claim was made against Ebbitt, who is Wexford's Director of Risk Management, and the grounds for dismissal advanced by the Medical Defendants would apply to him as well. Second, Sloan makes no claim that Warden Graham was personally involved in matters alleged or is otherwise culpable under principles of supervisory liability. Lastly, Sloan fails to allege how the actions of the "Two Unnamed Officers" amount to a constitutional claim.

## I. Background

Sloan's claims arise from the time he was an inmate at Western Correctional Institution in Cumberland, Maryland. He states that on January 14, 2014, Dr. Ottey operated on his right hand to remove glass, and since then he has been unable "to move my thumb with other fingers and I still have a piece of glass left in my hand." (ECF 1 p. 1, ECF 3, p. 1).

Sloan also complains escort officers failed to properly secure his seatbelt in a prison van which was transporting him to treatment at the Western Maryland Health System. According to Sloan, when the van braked suddenly to avoid a crash with another vehicle, he was thrown to the floor and injured his neck and head. Sloan says he suffers headaches and cannot sleep because he suffers constant mental anguish due to his injuries. *Id.* Sloan faults medical staff for providing him with "inadequate medication" for pain he suffers as a result of his hand surgery, the glass still embedded in his hand, and the injuries he sustained in the van. (ECF 1, 3). As redress, Sloan seeks compensatory and punitive damages and injunctive and declaratory relief.

## II. Standard of Review

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Where, as here a plaintiff is proceeding pro se, his filings are held to a "less stringent standard" than are those of a lawyer, and the court must construe his claims liberally, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Discussion

The DOC seeks dismissal of the claims against it based on principles of governmental immunity. The Medical Defendants seek dismissal of the claims against them based on failure to state a claim upon which relief can be granted, qualified immunity, and Sloan's failure to raise his claims before the Maryland Health Care Alternative Dispute Resolution Office ("HCADRO").

#### A. Division of Corrections

Under the Eleventh Amendment to the United States Constitution, a state, or one of its agencies or departments, is immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State School and Hospital v Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't. § 12–201(a) (2014 West), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's claim against the DOC, a Maryland state agency, is barred by the Eleventh Amendment, and the DOC's motion to dismiss (ECF 10) will be granted.

### B. Medical Defendants

In the context of denial of medical care, an Eighth Amendment violation arises when the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Because Wexford is a contractual medical provider for the state, the deliberate indifference standard applies to Wexford and its employees. *West v. Atkins*, 487 U.S. 42 (1998) (explaining that a private entity which contracts with the state to provide medical services acts "under color of state law").

In order to succeed on a § 1983 claim, however, a plaintiff must show that "the official[s] charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of respondeat superior has no application under [§ 1983]." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "[A] private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original). In this case, Sloan neither alleges nor presents evidence that his constitutional rights were violated due to Wexford's corporate policy or custom. Accordingly, Wexford is entitled to dismissal.

Sloan's complaint that Dr. Ottey did not properly remove a foreign object (glass) from his thumb is premised on a theory of negligence or medical malpractice. A complaint of negligence "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 105–06; *see Farmer*, 511 U.S.

4

at 837. Medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle*, 429 U.S. at 106.

Sloan's general claim that he is receiving inadequate medication lacks any detail or explanation. (ECF 1, p. 1; ECF 3, p. 1). Sloan advances no allegations to show defendants acted with deliberate indifference to his serious medical needs; therefore, he fails to state a constitutional claim as to inadequate medical care. Accordingly, the court will grant the Medical Defendants' motion for dismissal.[3]

## CONCLUSION

For these reasons, defendants' motions to dismiss (ECF 10, 12) will be granted.[4] A separate order follows this memorandum.

Jan. 20, 2015
Date

James K. Bredar
United States District Judge

---

[3] This decision is without prejudice to any rights plaintiff may have to pursue claims of medical malpractice in state court. Under Maryland law, a claim of medical malpractice may proceed only after a review before the Maryland Health Claims Arbitration Board. *See* Md. Code Ann., Cts. & Jud. Proc. § 3–2A–01 et seq.; *see also Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007).

[44] The court need not reach the Medical Defendants' qualified immunity defense for reasons apparent herein.

5